**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-1653
_____

JENNIFER L. KASILAG; LOUIS MELLINGER; JUDITH M. MENENDEZ;
JACQUELINE M. ROBINSON; COURTNEY RUSSELL; DENNIS RUSSELL; DARIN
DUDEK; THE KONRAD D. KOHL TRUST by Konrad D. Kohl, III, as Trustee, on
behalf of and for the benefit of the Hartford Healthcare Fund; The Hartford Conservative
Allocation Fund; The Hartford Inflation Plus Fund; The Hartford Balanced Fund; The
Hartford Capital Appreciation Fund; The Hartford Floating Rate Fund

v.

HARTFORD INVESTMENT FINANCIAL SERVICES, LLC;
HARTFORD FUNDS MANAGEMENT COMPANY, LLC

Jennifer Kasilag; Louis Melliger; Judith Menendez;
Jacquline Robinson; Courtney Russell; Dennis
Russell; and K.D. Kohl Trust on behalf of the
Hartford Healthcare Fund; Hartford Inflation Plus Fund;
Hartford Balance Fund, Hartford Capital Appreciation Fund
Hartford Growth Opportunities Fund; and the Hartford Floating
Rate Fund,
Appellants
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 1-11-cv-01083, No. 1-14-cv-01611, and No. 1-15-cv-01876)
District Judge: Hon. Renee M. Bumb
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
March 8, 2018

Before: McKEE, AMBRO, RESTREPO, *Circuit Judges*

(Filed: August 15, 2018)

_____

OPINION[*]

_____

RESTREPO, *Circuit Judge*.

Appellants, shareholders of six mutual funds, sued the funds' investment advisers for breach of fiduciary duty under § 36(b) of the Investment Company Act of 1940. After granting partial summary judgment in favor of the Defendants, the District Court dismissed Appellants' remaining claim with prejudice following a four-day bench trial. Because the District Court properly found that Appellants failed to meet their burden to show that the fees charged by the funds' investment advisers were excessive in relation to the services they provided, we will affirm.

**I**

As we write solely for the benefit of the parties, we set out only the facts necessary for the discussion that follows. Appellants are shareholders of six mutual funds[1] (the "Funds") managed by Appellees Hartford Investment Financial Services, LLC and Hartford Funds Management Company, LLP (together, "Hartford").[2] Hartford's

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] "A mutual fund is a pool of assets, consisting primarily of [a] portfolio [of] securities, and belonging to the individual investors holding shares in the fund." *Jones v. Harris Assocs. L.P.*, 559 U.S. 335, 338 (2010) (quoting *Burks v. Lasker*, 441 U.S. 471, 490 (1979)).

[2] Hartford Investment Financial Services, LLC ("HIFSCO") served as an investment adviser to the Funds until December 31, 2012. Thereafter, Defendant Hartford Funds Management Company, LLC replaced HIFSCO and has served as an adviser to the Funds from January 1, 2013 to the present.

responsibilities are set forth in a series of Investment Management Agreements ("IMAs") executed with each of the Funds. Pursuant to the IMAs, Hartford agreed to provide certain investment management services and administrative services. In return, Hartford received an investment management fee from each fund based upon the fund's average daily net asset value. Hartford also contracted with a sub-administrator and various sub-advisers to assist in performing its duties.

Plaintiff-Appellants filed a derivative action on behalf of the Funds alleging that Hartford breached its fiduciary duty under § 36(b) of the Investment Company Act. Plaintiff-Appellants argued that the investment management and fund administration fees Hartford collected were excessive given the proportion of responsibilities Hartford delegated to its sub-administrator and its sub-advisers. After granting in part Hartford's motion for summary judgment relating to the conscientiousness of the Board of Directors, the District Court concluded that a trial was required to resolve factual disputes regarding the remaining five *Gartenberg* factors (discussed below). After a four-day bench trial, the District Court ruled for Defendant-Appellees, having concluded that none of the six *Gartenberg* factors favored Plaintiff-Appellants and that therefore they had not met their burden of proof on their § 36(b) claim. This appeal followed.

## II[3]

Congress amended the Investment Company Act in 1970 to bolster the protections afforded to mutual funds and their shareholders. The amendment added § 36(b), which

---

[3] The District Court had jurisdiction under 28 U.S.C. § 1331 and 15 U.S.C. § 80a-35(b)(5). We have jurisdiction under 28 U.S.C. § 1291.

3

"impose[s] upon investment advisers a 'fiduciary duty' with respect to compensation received from a mutual fund, 15 U.S.C. § 80a–35(b), and grant[s] individual investors a private right of action for breach of that duty." *Jones v. Harris Assocs. L.P.*, 559 U.S. 335, 340 (2010). In its seminal case on § 36(b), *Jones v. Harris Assocs. L.P.*, the Supreme Court relied upon the Second Circuit's decision in *Gartenberg v. Merrill Lynch Asset Mgmt., Inc.*, in articulating the standard for assessing whether an investment adviser has breached its fiduciary duty. 694 F.2d 923 (2d Cir. 1982). It explained that "to face liability under § 36(b), an investment adviser must charge a fee that is so disproportionately large that it bears no reasonable relationship to the services rendered and could not have been the product of arm's length bargaining." *Jones,* 559 U.S. at 346. The plaintiff bears the burden to show that the fee is outside the range that arm's-length bargaining would produce. *Id.* at 347.

To determine whether a breach of a fiduciary duty has occurred, courts consider the so-called *Gartenberg* factors:

> (1) the nature and quality of the services provided to the fund and shareholders; (2) the profitability of the fund to the adviser; (3) any "fall-out financial benefits," those collateral benefits that accrue to the adviser because of its relationship with the mutual fund; (4) the economies of scale achieved by the mutual fund and whether such savings are passed on to the shareholders; (5) the comparative fee structure (meaning a comparison of the fees with those paid by similar funds); and (6) the independence, expertise, care, and conscientiousness of the board in evaluating adviser compensation.

*Id.* at 344, 345 & n.5.

We review a district court's grant of partial summary judgment *de novo*. *Morgan v. Covington Twp.*, 648 F.3d 172, 177 (3d Cir. 2011). We affirm its grant of summary

4

judgment when, viewing all evidence and drawing all inferences in the light most favorable to the non-moving party, *Shuker v. Smith & Nephew, PLC*, 885 F.3d 760, 770 (3d Cir. 2018), "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

"On appeal from a bench trial, our court reviews a district court's findings of fact for clear error and its conclusions of law *de novo*." *VICI Racing, LLC v. T-Mobile USA, Inc.*, 763 F.3d 273, 282–83 (3d Cir. 2014). "A finding of fact is clearly erroneous when it is completely devoid of minimum evidentiary support displaying some hue of credibility or bears no rational relationship to the supportive evidentiary data." *Id.* at 283 (internal citations and quotation marks omitted).

### III

Appellants make three arguments on appeal. We will address each in turn. Appellants first challenge the District Court's analysis of the fiduciary duty imposed by § 36(b) as it relates to the services performed by the sub-administrator and sub-advisers. Specifically, they assert that the court must artificially bifurcate the investment management fees paid to Hartford and to its sub-administrator in evaluating excessive compensation liability. We disagree. Nothing in the statute, nor in our precedent, requires such a distinction. Nor does the statute prohibit an investment manager from subcontracting some of its management responsibilities. Accordingly, we see no reason to disturb the District Court's finding that the fees, taken as a whole, were within the range of arm's-length bargaining.

Appellants next argue that the District Court erroneously granted partial summary judgment when it found in Hartford's favor on the sixth *Gartenberg* factor: that the Funds' Board was careful and conscientious. For support, Appellants turn once more to their argument that their proposed distinction between the fees paid to Hartford and its sub-administrator required the Board to review and approve the compensation for each separately. Therefore, they argue, the Board's failure to do so was deficient. As above, Appellants do not demonstrate that the District Court's findings were clearly erroneous, especially given the particular deference we must give to factual findings. On the contrary, the District Court conducted a careful review of the Board's composition, the frequency of its meetings, its consultation with outside advisers and the process by which it evaluated the fee contracts in concluding that the independence and conscientiousness of the Board, as described in *Gartenberg*, was not "in genuine dispute." JA 61. The Supreme Court has made clear that a disinterested Board's independent approval of compensation contracts should receive deference from the courts: "§ 36(b) does not call for judicial second-guessing of informed board decisions." *Jones*, 559 U.S. at 352. "[E]ven if a court might weigh the factors differently," where "the disinterested directors considered the relevant factors, their decision to approve a particular fee agreement is entitled to considerable weight." *Id*. at 351. We are satisfied by the District Court's determination that the Board was independent and comprehensive in its review of the fee contracts and that summary judgment on this factor was proper.

Appellants' final argument concerns the District Court's aggregate treatment of their claims for each of the Funds. Specifically, they allege that, given the disparity in

compensation among the six Funds, the District Court erred by not performing a separate analysis of Hartford's liability "for each Fund for each year." App. Br. 47. This argument is unavailing. It ignores the numerous findings that the District Court made for specific funds and years in its evaluation of Appellants' claims. Moreover, the text of § 36(b) neither requires a separate analysis for each Fund at issue nor prohibits varying compensation among funds. Rather, the Board-approved compensation scheme, based upon the average daily net asset value, contemplates varying fees tied to performance. Accordingly, the District Court did not err in its analysis of the fees for each of the six Funds over the years at issue in concluding that Appellants did not meet their burden of showing that Hartford's fees were so disproportionate that they could not have been negotiated at arm's length.

## IV

For the foregoing reasons, we will affirm the District Court's dismissal of the Appellants' § 36(b) claim.